UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARY JONES, | Case No. 2:25-cv-02113-JAD-EJY |
| Plaintiff, | |
| v. | **ORDER** |
| TERRIBLE HERBST, INC., | |
| Defendants. | |

Pending before the Court is Plaintiff's Application to Proceed *in forma pauperis* ("IFP") and Complaint. ECF Nos. 1-1, 5. The IFP Application is complete and granted below. The Complaint is dismissed without prejudice and with leave to amend.

**I.   Screening Standard**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the

1  standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide
2  more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
3  A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the
4  complaint's deficiencies could not be cured through amendment, a *pro se* plaintiff should be given
5  leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United*
6  *States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

7  **II.     Plaintiff's Complaint**

8        Plaintiff's Complaint is a jumble of allegations that, based on attachments, may seek to assert
9  claims based on age, race, and disability discrimination, and a claim of retaliation. ECF No. 1-1 at
10 16; *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (courts may generally consider
11 allegations contained in pleadings, as well as exhibits attached to the complaint). However, Plaintiff
12 must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct."
13 *Iqbal*, 556 U.S. at 679. Further, "[a] claim has facial plausibility when the plaintiff pleads factual
14 content that allows the court to draw the reasonable inference that the defendant is liable for the
15 misconduct alleged." *Id.* at 678. Plaintiff never states a clear claim for relief. ECF No. 1-1 at 1-2.
16 Rule 8 of the Federal Rules of Civil Procedure requires a complaint to plead sufficient facts to give
17 a defendant fair notice of the claims against him and the grounds upon which it rests. *Yamaguchi v.*
18 *United States Department of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997) (citations omitted).
19 "[A] pleading may not simply allege a wrong has been committed and demand relief." *Sherrell v.*
20 *Bank of Am., N.A.*, Case No. CV F 11-1785-LJO (JLT), 2011 WL 6749765, at *4 (E.D. Cal. Dec.
21 22, 2011). Plaintiff's allegations fails to identify a cause of action and, while the allegations are
22 sufficiently understood, the Court cannot discern what claim or claims Plaintiff seeks to assert.
23 *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are construed
24 liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief).

25       To sufficiently allege a *prima facie* case of discrimination in violation of Title VII (which
26 applies to race discrimination), Plaintiff must allege: (a) she belongs to a protected class; (b) she was
27 qualified for the job for which she applied; (c) she was subjected to an adverse employment action;
28 and (d) similarly situated employees not in her protected class received more favorable treatment.

*Shepard v. Marathon Staffing, Inc.*, 2014 U.S. Dist. Lexis 76097, *5 (D. Nev. June 2, 2014) (citing *Moran v. Selig*, 447 F.3d 748, 753 (9th Cir. 2006)). To state a prima facie discriminatory termination claim against Defendant under the ADA, Plaintiff must allege facts demonstrating: (1) she is a disabled person within the meaning of the ADA; (2) she is a qualified individual; and (3) the Defendant terminated her because of her disability. *Kennedy v. Applause*, 90 F.3d 1477, 1481 (9th Cir. 1996). To state a plausible failure to accommodate claim under the ADA, Plaintiff must allege that: (1) she is disabled within the meaning of the ADA; (2) she is a qualified individual; (3) she requested a reasonable accommodation; (4) Terrible Herbst knew of the requested accommodation; and (5) Terrible Herbst failed to reasonably accommodate her disability. *See Allen v. Pacific Bell*, 348 F.3d 1113, 1114 (9th Cir. 2003). A short term injury does not qualify as a disability.

A plaintiff may establish a prima facie case of disparate treatment based on age by pleading facts demonstrating she was: (1) at least forty years old; (2) performing her job satisfactorily; (3) discharged; and (4) either replaced by substantially younger employees with equal or inferior qualifications or discharged under circumstances otherwise giving rise to an inference of age discrimination. 29 U.S.C.A. § 621 et seq. Finally, to plead a prima facie case of retaliation, an employee must show that (1) he engaged in protected activity; (2) his employer subjected him to adverse employment action; and (3) a causal link exists between protected activity and adverse action. Civil Rights Act of 1964, § 704(a), as amended, 42 U.S.C.A. § 2000e–3(a).

Plaintiff has not met the pleading standards or alleged sufficient facts to establish each potential claim she seeks to assert. The Court therefore dismisses Plaintiff's Complaint without prejudice and provides Plaintiff an opportunity to file an amended complaint that meets the pleading requirements for the claims she wishes to bring before the Court.

Plaintiff is advised that if she chooses to file an amended complaint, the document must be titled "Amended Complaint." The amended complaint must contain a short and plain statement of the grounds for each claim she seeks to bring. *See* Fed. R. Civ. P. 8(a)(1). The amended complaint must contain a short and plain statement describing facts and Defendant's conduct that constitutes discrimination or retaliation. *See* Fed. R. Civ. P. 8(a)(2). Although the Federal Rules of Civil

Procedure adopts a flexible pleading standard, Plaintiff still must give Defendant fair notice of Plaintiff's claims against it and Plaintiff's entitlement to relief.

### III.  Order

IT IS HEREBY ORDERED that Plaintiff's Application for Leave to Proceed *In Forma Pauperis* (ECF No. 5) is GRANTED.  Plaintiff will not be required to pay the filing fee in this action.  Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security for fees or costs.  This Order granting leave to proceed *in forma pauperis* does not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that the Clerk of the Court must file Plaintiff's Complaint (ECF No. 1-1).

IT IS FURTHER ORDERED that the Complaint (ECF No. 1-1) is DISMISSED without prejudice for failure to state a claim upon which relief can be granted, with leave to amend.  If Plaintiff chooses to file an amended complaint, Plaintiff must file the amended complaint within **30 days** from the date of this Order.  Failure to comply with this Order may result in a recommendation that this action be dismissed.

Dated this 5th day of November, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE