UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARY JONES,<br><br>  Plaintiff,<br><br>v.<br><br>TERRIBLE HERBST, INC.,<br><br>  Defendants. | Case No. 2:25-cv-02113-JAD-EJY<br><br>**ORDER ADOPTING<br>REPORT AND RECOMMENDATION** |

On 12/15/25, the magistrate judge entered this report and recommendation [ECF No. 11]:

Pending before the Court is Plaintiff's First Amended Complaint[1] (ECF No. 10). Plaintiff's application to proceed *in forma pauperis* was granted on November 5, 2025. ECF No. 6.

I.  **Screening Standard**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the

---

[1]  The First Amended Complaint is referred to herein as the "FAC."

1

standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**II.   Analysis of Plaintiff's FAC**

In her FAC, Plaintiff alleges discrimination, a failure to accommodation, and retaliatory discharge all under Americans with Disabilities Act (the "ADA"). Plaintiff further alleges race and age discrimination. Plaintiff provides evidence of a Charge of Discrimination and a Right to Sue letter from the Nevada Equal Rights Commission suggesting exhaustion of her administrative remedies.[2] In addition to these claims, Plaintiff identifies wrongful termination in violation of public policy, a Fourteenth Amendment Due Process claim, and interference with state unemployment benefits.

    a.   <u>The ADA</u>.

To state a *prima facie* claim based on an alleged discriminatory termination under the ADA Plaintiff must allege facts demonstrating: (1) she is a disabled person within the meaning of the ADA; (2) she is a qualified individual; and (3) the Defendant terminated her because of her disability. *Kennedy v. Applause, Inc.*, 90 F.3d 1477, 1481 (9th Cir. 1996). Here, Plaintiff's factual allegations include that she sustained a work related injury, she was placed on light duty, and on one occasion she left work in an ambulance after becoming ill. ECF No. 10 at 2-3. Plaintiff requested ADA paperwork, but says she was allegedly terminated in retaliation before she could return the paperwork completed by her doctor. *Id.* at 3.

While Plaintiff demonstrates probable exhaustion of a disability discrimination claim, she fails to identify any disability from which she suffers within the meaning of the ADA. Under the ADA, a disability is "a physical or mental impairment that substantially limits one or more of the

---

[2]    Nevada generally adopts the federal standard for stating and proving discriminatory practices in the workplace. *See Alexander Rodriguez v. Unicity International, Inc.*, Case No. 2:25-cv-000754-GMN-NJK, 2025 WL 3539238, (D. Nev. Dec. 9, 2025). Thus, the Court cites federal law when discussing each of Plaintiff's discrimination claims.

major life activities of such individual." 42 U.S.C. § 12102(2)(A). A relatively short term injury does not qualify as a disability. *Sanders v. Arneson Prods., Inc.,* 91 F.3d 1351, 1354 (9th Cir. 1996) (citing with approval courts that have held that "temporary injury with minimal residual effects cannot be the basis for a sustainable claim under the ADA"); *see also* 29 C.F.R. Part 1630 App., § 1630.2(j) (stating that "temporary, non-chronic impairments of short duration, with little or no long term or permanent impact, are usually not disabilities"). Because Plaintiff's failure to plead facts demonstrating she suffers from a disability as defined by the ADA can be cured, Plaintiff is granted **one** additional opportunity to amend her pleadings to state facts that establish each element of a disability discrimination claim identified above.

To state a *prima facie* claim for failure to accommodate under the ADA, a plaintiff must show that she "(1) is disabled within the meaning of the ADA; (2) is a qualified individual able to perform the essential functions of the job with reasonable accommodation; and (3) suffered an adverse employment action because of [his] disability." *Samper v. Providence St. Vincent Med. Ctr.,* 675 F.3d 1233, 1237 (9th Cir. 2012) (quotation and citation omitted). Because Plaintiff has not pleaded facts demonstrating she is disabled within the meaning of the ADA, she has not stated a failure to accommodate claim. Plaintiff also does not plead facts demonstrating that she could perform the essential functions of her job with an accommodation. Accordingly, this claim is dismissed without prejudice and with **one** additional opportunity to amend.

To state an ADA retaliation claim, the plaintiff must plausibly allege that (1) "she engaged in a protected activity; (2) suffered an adverse employment action; and (3) there was a causal link between the two." *Pardi v. Kaiser Found. Hosps.*, 389 F.3d 840, 849 (9th Cir. 2004). Plaintiff alleges she engaged in protected activity by requesting ADA paperwork, she was terminated before she could return the paperwork completed by her doctor, and the termination was in retaliation for requesting the ADA documentation. While this is a bare bones set of facts, Plaintiff pleads facts supporting each element of an ADA retaliation claim. Thus this claim may proceed.

   b. <u>Age Discrimination</u>.

A plaintiff may establish a *prima facie* case of discrimination (disparate treatment) based on age by pleading facts demonstrating that at the time of the events about which she complains she:

3

(1) was at least forty years old; (2) was performing her job satisfactorily; (3) suffered an adverse employment action; and (4) was either replaced by substantially younger employees with equal or inferior qualifications or discharged under circumstances otherwise giving rise to an inference of age discrimination. 29 U.S.C.§ 621 *et seq.*

Plaintiff pleads that she is 71 years old and that she was terminated from her job. The termination communication is dated January 3, 2025. ECF No. 10 at 19. Otherwise, Plaintiff references applying for promotions that were given to less qualified individuals under 40. *Id*. at 2. These facts sufficiently state a claim that Plaintiff failed to be promoted based on age; however, Plaintiff pleads no facts supporting that she was terminated due to age. Thus, Plaintiff's failure to promote claim may proceed. If Plaintiff is asserting a claim of age discrimination based on termination, this claim is dismissed without prejudice and with **one** additional opportunity to amend.

      c.      <u>Race Discrimination</u>.

To sufficiently allege a *prima facie* case of race discrimination in violation of Title VII, Plaintiff must allege: (a) she belongs to a protected class; (b) she was subjected to an adverse employment action; and (c) similarly situated employees not in her protected class received more favorable treatment. *Shepard v. Marathon Staffing, Inc.*, 2014 U.S. Dist. Lexis 76097, at *5 (D. Nev. June 2, 2014) (citing *Moran v. Selig*, 447 F.3d 748, 753 (9th Cir. 2006)). Plaintiff's FAC is silent with respect to facts that would support an inference that any adverse action, including her termination, was motivated in any way by race based animus. ECF No. 10. Even her submission to NERC is silent with respect to the elements of this claim. *Id*. at 26. While Plaintiff identifies as Black (*id*. at 8), there are no other facts related to race or race based animus alleged by Plaintiff in the FAC or its attachments. Plaintiff has not met the pleading standards or alleged sufficient facts to establish each element of a race discrimination claim.

The Court outlined the requirement of pleading a race discrimination in its original screening Order. ECF No. 6. The Court provided Plaintiff with an opportunity to amend her Complaint to state this claim. Plaintiff offers nothing demonstrating an attempt to do so. Plaintiff is given **one** additional opportunity to amend her Complaint to state this claim.

        d.        <u>Plaintiff's Wrongful Termination in Violation of Public Policy Claim Fails as a Matter of Law</u>.

Plaintiff's allegations demonstrate that her public policy wrongful termination claim arises from her termination based on disability, age or race discrimination. ECF No. 10 at 5. Nevada law makes clear that such claim cannot be based on discrimination for which Plaintiff has a full panoply of rights under the ADA, Title VII, the Age Discrimination in Employment Act, and Nevada statutory law prohibiting the same. *Chavez v. Sievers*, 43 P.3d 1022, 1025-26 (Nev. 2002); *Sands Regent v. Valgardson*, 777 P.2d 898, 899-90 (Nev. 1989). Accordingly, the Court recommends this claim be dismissed with prejudice.

        e.        <u>Plaintiff's Fourteenth Amendment Due Process Claim</u>.

Plaintiff states Defendant "deprived her of [sic] property interest (continued employment, earned benefits, unemployment insurance)" without notice, an opportunity to respond or a fair investigation. ECF No. 10 at 5.

There is no dispute that an individual may have a protected property interest in some forms of private employment, the deprivation of which may serve as a basis for a claim under 42 U.S.C. § 1983. *See Merritt v. Mackey*, 827 F.2d 1368, 1370 (9th Cir. 1987). However, in order to establish a due process violation, the plaintiff must first show that she had more than a "unilateral expectation" of continued employment; she must also show a "legitimate claim of entitlement." *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972); *Merritt*, 827 F.2d at 1371. The employee must further demonstrate a reasonable expectation based upon some external source such as state law. *Merritt*, 827 F.2d at 1371. That is, "[t]he right to hold specific private employment and to follow a chosen profession free from unreasonable governmental interference comes within both the 'liberty' and 'property' concepts of the … Fourteenth Amendments," *Piecknick v. Commonwealth of Pennsylvania*, 36 F.3d 1250, 1259 (3d Cir. 1994), and "it is the liberty to pursue a particular calling or occupation and not the right to a specific job that is protected by the Fourteenth Amendment." *Id*. at 1262 (citations omitted).

The Court finds Plaintiff fails to state and is unable to state governmental interference with her specific job and, thus, there is no violation of a Fourteenth Amendment right that would apply

5

to her termination. The Court's review of Nevada statutory and common law demonstrates it establishes no notice requirements, no opportunity to be heard, and no right to an investigation before termination of employees such as Plaintiff who are employed at-will by a private enterprise. There is also no federal law creating such obligations when an employee is employed by a private employer such as Defendant. While a contract for employment could potentially create such rights, there is no violation of the Fourteenth Amendment by virtue of Plaintiff's termination from her job. The Court therefore recommends that this claim be dismissed with prejudice.

f.  Interference with State Unemployment Benefits.

Plaintiff alleges Defendant made false statements to the Employment Security Division ("ESD") in an effort to deny her unemployment benefits. This claim is based on Defendant's telling ESD Plaintiff was pregnant, which was obviously incorrect given Plaintiff's age. ECF No. 10 at 3. Plaintiff also generally alleges Defendant engaged in misconduct. *Id*. at 5.

The judicial-proceedings privilege provides absolute immunity to statements made in the course of a judicial proceeding "so long as [the statements] are in some way pertinent to the subject of controversy." *Circus Circus Hotels v. Witherspoon,* 657 P.2d 101, 104 (Nev. 1983) ("NRS 612.265(7) creates an absolute privilege for all oral or written communications from an employer to the Employment Security Department, provided that the communications are made pursuant to Chapter 612.") (internal citations omitted). This "privilege precludes liability even where the defamatory statements are published with knowledge of their falsity and personal ill will toward the plaintiff." *Id*. (internal citations omitted). Given the unequivocal case law, the Court finds Plaintiff's Interference with Unemployment Benefits claim should be dismissed with prejudice.

**III.  Order**

IT IS HEREBY ORDERED that Plaintiff's retaliatory discharge claim under the Americans with Disabilities Act and failure to promote under the Age Discrimination in Employment Act may proceed.

IT IS FURTHER ORDERED that the following claims are dismissed without prejudice and with **one** additional opportunity to amend: (i) discrimination and failure to accommodate under the ADA and Nevada law; (ii) discriminatory termination in violation of the Age Discrimination in

6

Employment Act and Nevada law; and (iii) Race Discrimination under Title VII of the 1964 Civil Rights Act and Nevada law.

IT IS FURTHER ORDERED that if Plaintiff chooses to file a second amended complaint, the document must be titled "SECOND AMENDED COMPLAINT" and must be filed no later than **January 12, 2026**. The second amended complaint, if filed, must include **all** claims Plaintiff seeks to assert. Plaintiff must state facts that support the elements of each claim as discussed above. Any claim not included in the second amended complaint will not go forward. However, Plaintiff should not include the claims that are recommended for dismissal with prejudice as these claims fail as a matter of law.

If Plaintiff does not file a second amended complaint, her First Amended Complaint will be the operative complaint and will proceed on her claim of retaliation under the Americans with Disabilities Act and failure to promote under the Age Discrimination in Employment Act.

IT IS FURTHER ORDERED that the Clerk of Court must send Plaintiff one USM-285 form.

IT IS FURTHER ORDERED that Plaintiff **must** complete this form and return it no later than **January 12, 2026** to:

> Gary G. Schofield
> U.S. Marshal, District of Nevada
> Lloyd D. George Federal Courthouse
> 333 Las Vegas Blvd. S., Suite 2058
> Las Vegas, Nevada 89101

Plaintiff is advised to check the Nevada Secretary of State Business Entity Search website for Terrible Herbst, Inc.'s registered agent upon whom service must be made. Plaintiff should provide that information to the U.S. Marshal Service.

IT IS FURTHER ORDERED that the Clerk of Court must issue a Summons for Terrible Herbst, Inc. and send the same to the U.S. Marshal Service together with one copy of Plaintiff's First Amended Complaint (ECF No. 10) and a copy of this Order.

IT IS FURTHER ORDERED that the U.S. Marshal Service must attempt service of the First Amended Complaint, the Summons, and a copy of this Order on Terrible Herbst, Inc. within twenty-one (21) days of receipt of Plaintiff's completed USM-285.

### IV. Recommendation

IT IS HEREBY RECOMMENDED that Plaintiff's claims asserting Wrongful Termination in Violation of Public Policy, violation of the 14th Amendment, and Interference with State Unemployment Benefits be dismissed with prejudice as these claims fail as a matter of law.

Dated this 15th day of December, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

### ORDER

The deadline for any party to object to this recommendation was 12/29/2025, and no party filed anything or asked to extend the deadline to do so. "[N]o review is required of a magistrate judge's report and recommendation unless objections are filed." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Having reviewed the report and recommendation, I find good cause to adopt it, and I do. IT IS THEREFORE ORDERED that the Magistrate Judge's Report and Recommendation [**ECF No. 11] is ADOPTED** in its entirety, and **plaintiff's claims for wrongful termination in violation of public policy, violation of the 14th Amendment, and interference with state unemployment benefits are DISMISSED with prejudice**.

_____
U.S. District Judge Jennifer A. Dorsey
Dated: January 6, 2026